IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

MARK ALLAN EDWARDS,

   Plaintiff,

v.

COLBY NICHOLS
POSTMASTER, CLAYTON, GA,
UNITED STATES POST OFFICE,

   Defendants.

CIVIL ACTION FILE NO.

 2:22-cv-00160-SCJ

## ORDER

This matter appears before the Court on the Motion to Dismiss filed by

Defendants Colby Nichols and the United States Post Office (Doc. No. [16]). [1]

## I.   BACKGROUND

Plaintiff Mark Allan Edwards received door delivery for oversized

packages and concurrent letter mail since December 2019 when he bought his

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

home. Doc. No. [8-1], 2.[2] But in April 2022, door delivery of oversized packages was stopped without Edwards being notified or giving his consent. Id. He now alleges that the stoppage of door delivery without notifying him or obtaining his consent violates Postal Service Manual (POM) Issue 9, July 2022 § 631.8 (Correction of Improper Mode of Delivery), and that said section, along with Title 39 of the United States Code, confers subject-matter jurisdiction on this Court. Id. at 1–2.

Edwards initiated this action against the retired Postmaster of Clayton, Georgia, Sherri Gabrels, on August 15, 2022. Doc. No. [1].

After a lull in the proceedings, Edwards moved for a default judgment against Colby Nichols, the new Postmaster for Clayton, Georgia, on December 1, 2022 (Doc. No. [6]). This Court denied said motion on December 7, 2022 (Doc. No. [7]) for insufficient service of process. The Court also noted that the named defendants were unclear and ordered that an amended

---

[2] "In ruling on a 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." Speaker v. U.S. Dep't. of Health & Human Servs. Ctrs. for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010).

2

complaint be filed to clearly list the named defendants and a factual basis upon which relief could be granted as to said defendants.

On December 15, 2022, Edwards filed the operative Amended Complaint in response to this Court's instructions in the December 7, 2022 order and perfected service on the named Defendants, Colby Nichols, in his official capacity as Postmaster for Clayton, Georgia[3] and the United States Postal Service (hereinafter "Postal Service"). Doc. Nos. [8-1]; [12]–[15].

Defendants moved to dismiss the Amended Complaint for lack of subject-matter jurisdiction (or failure to state a claim) on March 6, 2023. Doc. No. [16]. Edwards responded in opposition to Defendants' Motion on March 15, 2023. Doc. No. [17]. Edwards contends that the Administrative Procedures Act (APA), the Federal Tort Claims Act (FTCA) and 39 U.S.C. § 409 each grant this Court subject-matter jurisdiction. Id. at 2–3. On March 28, 2023, Defendants replied to Edwards' response, (Doc. No. [18]), asserting, *inter alia*, that

---

[3] By suing Colby Nichols in his official capacity as the United States Postal Service Postmaster, Edwards is asserting a claim against the United States Postal Service. See Lewis v. Charlotte Corr. Inst. Emps., 589 F. App'x 950, 952 (11th Cir. 2014) (construing a Bivens claim against a postmaster general in his official capacity as a claim against the United States Postal Service).

a party cannot supply the allegations missing from a complaint in a different filing or motion.

This matter is now ripe for review.

## II.   LEGAL STANDARD

### A.   Subject Matter Jurisdiction

"Subject matter jurisdiction defines the court's authority to hear a given type of case; it represents the extent to which a court can rule on the conduct of persons or the status of things." Carlsbad Tech., Inc. v. HIF Bio., Inc., 556 U.S. 635, 639 (2009) (internal quotations and citations omitted). In addition, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id. (citations omitted).

"Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: 'facial attacks' and 'factual attacks.'" Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A., 104 F.3d 1256, 1260–61 (11th Cir. 1997) (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1528–29 (11th Cir. 1990) (per curiam)).

4

Facial attacks "require the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Id. (cleaned up). Factual attacks "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id.

"When a district court lacks subject matter jurisdiction, it has no power to render a judgment on the merits and should dismiss the complaint . . . pursuant to Fed. R. Civ. P. 12(h)(3)." Hallett v. Ohio, 711 F. App'x 949, 950 (11th Cir. 2017) (citing Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003)).

### B.   Failure to State a Claim

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint "does not need detailed factual allegations," mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S.

5

544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## III.   ANALYSIS

In their Motion, Defendants contend that Edwards's amended complaint fails both to allege a source of subject-matter jurisdiction, and to state a claim upon which relief may be granted. Doc. No. [16-1], 1–2. Defendants further assert that the Postal Service has sovereign immunity which bars Edwards's claim, and that Edwards has failed to allege a waiver of that immunity in his Amended Complaint. Id. at 3–4. In response, Edwards asserts that the Federal Tort Claims Act, the Administrative Procedure Act, and 39 U.S.C. §§ 401 and 409 each confer subject-matter jurisdiction upon this Court. Doc. No. [17], 1–3.

Defendants' *initial* challenge to subject-matter jurisdiction is a facial attack—requiring this Court "merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction." Garcia, 104 F.3d at 1261.[4] A review of the allegations of the operative Amended Complaint show

---

[4]  However, by including an affidavit with their reply brief, Defendants' challenge could also be considered to be a factual attack on subject matter jurisdiction.

that in his three-paragraph Amended Complaint, Edwards first alleges the citizenship of both parties, and that Nichols's work "is directed under Title 39 of the United States code."[5] Doc. No. [8-1], ¶ 1. Under the liberal construction a *pro se* complaint must be afforded, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the Court considers this paragraph as an allegation that Title 39 of the United States Code waives the Postal Service's sovereign immunity and confers subject-matter jurisdiction upon this Court.

"Sovereign immunity protects the federal government and its agencies from civil liability." Knezevich v. Carter, 805 F. App'x 717, 724 (11th Cir. 2020) (citing Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994).[6] "It is axiomatic

---

[5] Title 39 of the United States Code governs the Postal Service and contains the Postal Reorganization Act ("PRA"). See generally United States Postal Serv. v. Flamingo Indus. (USA) Ltd., 540 U.S. 736, 740 (2004). Under the PRA, the Postal Service is "an independent establishment of the executive branch of the Government of the United States," but still a part of the Government. Id. at 744 (citing 39 U.S.C. § 201). In enacting the PRA, Congress "created the modern Postal Service, and defined its susceptibility to private suit." LeMay v. U.S. Postal Serv., 450 F.3d 797, 799 (8th Cir. 2006). Notably, "[t]he PRA waives the immunity of the Postal Service from suit by giving it the power 'to sue and be sued in its official name.'" Flamingo Indus., 540 U.S. at 740 (citing 39 U.S.C. § 401).

[6] The Eleventh Circuit has stated:

> In analyzing the use of any sovereign immunity defense, the first question is whether the doctrine applies at all: Is the action a suit against the United States as a sovereign? The answer is obtained by examining the nature of the relief

that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983). It is also well-settled that "the Postal Service enjoys federal sovereign immunity absent a waiver," Dolan v. U.S. Postal Serv., 546 U.S. 481, 484 (2006), and that "waivers of immunity must be construed strictly in favor of the sovereign, and not enlarged beyond what the language [of the statutory consent] requires," Ruckelshaus v. Sierra Club, 463 U.S. 680, 685 (1983) (cleaned up); see also Fostvedt v. United States, 978 F.2d 1201, 1202 (10th Cir. 1992) ("Such a waiver of sovereign immunity must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute.");

---

which may be provided. Alabama Rural Fire Insurance Co. v. Naylor, 530 F.2d 1221, 1225 (5th Cir. 1976). See Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 687 n.6, 69 S.Ct. 1457, 1460 n. 6, 93 L.Ed. 1628 (1949). An action is one against the United States as a sovereign where the judgment sought is to be satisfied from monies of the federal Treasury, or where the judgment interferes with public administration, or where the judgment's effect is to compel or restrain the government's actions. Dugan v. Rank, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963); Alabama Rural Fire Insurance Co. v. Naylor, 530 F.2d at 1225.

Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1555 (11th Cir. 1985). As Edwards seeks to compel government action, the doctrine of sovereign immunity applies for purposes of the first step of the present analysis.

8

United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). "[T]he plaintiff bears the burden of establishing subject matter jurisdiction, and, thus, must prove an explicit waiver of immunity." Ishler v. Internal Revenue, 237 F. App'x 394, 398 (11th Cir. 2007) (citing Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005)).

In light of this authority, the Court now looks to whether Edwards has set forth a specific statute that expressly waives the Postal Service's sovereign immunity. A review of Edwards's Amended Complaint shows that he only identified Title 39 as a basis for jurisdiction. He did not specify a particular statutory section within Title 39. Without specifying a particular statute within Title 39 in his Amended Complaint, Edwards has not met his burden of asserting or proving a basis for this Court to find that the Postal Service has waived its immunity and consented to suit—a prerequisite for this Court to have subject-matter jurisdiction in any case against the Postal Service.

However, as correctly noted by Defendants, Edwards asserts multiple sources of subject-matter jurisdiction in his response brief (in opposition to the

pending Motion to Dismiss): i.e., Administrative Procedures Act, 39 U.S.C. §§ 401(1) and 409(a), and the Federal Tort Claims Act. Doc. No. [17], 2. Said sources do not appear in his Amended Complaint. Generally, litigants cannot cure a deficiency in a complaint using a responsive filing. See Dorman v. Aronofsky, 36 F.4th 1306, 1317 (11th Cir. 2022) (holding—in a case involving a *pro se* plaintiff—that "facts contained in a motion or brief cannot substitute for missing allegations in the complaint." (quoting EEOC v. Catastrophe Mgmt. Sols., 852 F.3d 1018, 1030 n.5 (11th Cir. 2016))).

The only way for Edwards's arguments to be properly raised is if the Court permitted Edwards to amend his complaint to assert the additional causes of action (or grounds for subject matter jurisdiction) raised in his opposition brief. "Although a district court should freely give leave [to amend] when justice so requires, it may deny leave, *sua sponte* . . . if amendment would be futile." L.S. ex rel. Hernandez v. Peterson, 982 F.3d 1323, 1332 (11th Cir. 2020) (citing Fed. R. Civ. P. 15(a)(2)) (cleaned up). Leave to amend would be futile if an amended complaint would still fail at the motion-to-dismiss or summary-judgment stage. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

10

The Court will now consider whether it should *sua sponte* permit Edwards to amend his complaint as to his arguments concerning the Administrative Procedures Act, 39 U.S.C. §§ 401(1) and 409(a), and the Federal Tort Claims Act.

### A.    Administrative Procedures Act (APA)

The APA provides that "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. However, the APA's judicial review and remedy provisions do not apply to actions of the Postal Service. See 39 U.S.C. § 410(a) ("[N]o Federal law . . . including the provisions of chapters 5 and 7 of title 5 shall apply to the exercise of the powers of the Postal Service.");[7] Nat'l Easter Seal Soc. for Crippled Child. & Adults v. U.S. Postal Serv., 656 F.2d 754, 767 (D.C. Cir. 1981) ("[E]xcept as specifically provided in the Act, the USPS is not subject to the requirements of the APA."); NAACP v. U. S. Postal Serv., 398 F. Supp. 562, 563 (N.D. Ga. 1975) (stating that "39 U.S.C. § 410 exempts the Postal Service from the review provisions of the Administrative Procedures Act").

---

[7] The APA is found in Title 5 (chapters 5 and 7) of the United States Code.

11

Because final actions of the Postal Service are categorically excluded from judicial review under the APA (and no exception appears applicable), allowing Edwards to amend his complaint to assert the APA as a basis for jurisdiction would be futile, as an amended complaint would still fail at the motion-to-dismiss stage for lack of subject-matter jurisdiction.

**B.    39 U.S.C. §§ 401(1), 409(a) and the Federal Tort Claims Act (FTCA)**

As noted above, Edwards asserts in his response to Defendants' Motion to Dismiss that 39 U.S.C. §§ 401(1), and 409(a) confer subject-matter jurisdiction over his claim upon this Court. More specifically, Edwards contends that § 401(1) is a waiver of the Postal Service's sovereign immunity and confers subject-matter jurisdiction for this Court to adjudicate his claim on the merits.

*1.    39 U.S.C. § 401(1) and the FTCA*

39 U.S.C. § 401(1) allows the Postal Service "to sue and be sued in its official name." Edwards is correct that § 401(1) is a general waiver of the Postal Service's sovereign immunity. See Ins. Co. of N. Am. v. U.S. Postal Serv., 675 F.2d 756, 758 (5th Cir. 1982) ("The use of the term 'sue and be sued' in § 401(1) does constitute a waiver of the sovereign immunity of the Postal Service."). "However, the waiver is not complete; it is explicitly conditioned by [§] 409(c), in which

12

Congress has stated that in actions sounding in tort, [8] the remedies and restrictions of the FTCA shall apply." Id.; see also 39 U.S.C. § 409(c) ("The provisions of chapter 171 and all other provisions of title 28[9] relating to tort claims shall apply to tort claims arising out of activities of the Postal Service.").[10]

The FTCA is a waiver of the Postal Service's[11] sovereign immunity "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government" if the injury occurs "while [the employee is] acting within the scope of his office or employment," and "under circumstances where the United States, if a private

---

[8] Whether Edwards' claims in tort will be addressed, supra.

[9] The Court notes that chapter 171 of Title 28 is the FTCA.

[10] The Supreme Court has also stated:

> Although the Postal Reorganization Act generally "waives the immunity of the Postal Service from suit by giving it the power 'to sue and be sued in its official name,'" Flamingo Industries, supra, at 741, 124 S.Ct. 1321 (quoting 39 U.S.C. § 401(1)), the statute also provides that the FTCA "shall apply to tort claims arising out of activities of the Postal Service," § 409(c).

Dolan, 546 U.S. at 484.

[11] The Court recognizes that technically, the Postal Service is not a suitable defendant under the FTCA. Brown v. eBay, No. 14-CV-2803 ENV VMS, 2014 WL 7342898, at *1 n.2 (E.D.N.Y. Dec. 23, 2014). The correct defendant is the United States. Nevertheless, it is not necessary to substitute defendants at this juncture.

person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. 1346(b)(1).[12]

But there is a clear exception (known as the "postal matters exception") to the waiver of sovereign immunity with respect to certain types of claims. Gildor v. U.S. Postal Serv., 179 F. App'x 756, 758 (2d Cir. 2006). "The provisions of . . . section 1346(b) of [the FTCA] shall not apply to . . . [a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); see also Dolan, 546 U.S. at 485 ("[T]he United States may be liable if

---

[12] In their reply, Defendants also assert that Edwards failed to exhaust administrative remedies, (Doc. No. [18], 5), which would be a jurisdictional bar precluding Edwards's claims from being adjudicated on the merits, see Turner ex rel. Turner v. United States, 514 F.3d 1194, 1200 (11th Cir. 2008) ("Because '[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies,' the district court lacks subject matter jurisdiction over prematurely filed suits.") (quoting McNeil v. United States, 508 U.S. 106, 113 (1993)); see also 39 C.F.R. § 912.5 (providing the process for presenting an administrative claim to the Postal Service). Defendants submitted a declaration in support of their argument (Doc. No. [18-1]; however, in his initial complaint, Edwards attached a document titled "service request." Doc. No. [1-3] and a responsive letter. Doc. No. [1-4]. (To the extent that Defendants raise a factual attack on subject matter jurisdiction, it is proper for the Court to consider the exhibits of the original complaint. The amended complaint also indicates that Plaintiff attempted to obtain relief by online complaint that was answered with a letter (Doc. No. [8-1], 2)). Defendants did not address the effect of Plaintiff's filing at Doc. No. [1-3]. To this regard, the record is unclear regarding whether Edwards exhausted available remedies, and the Court cannot make a factual determination as to whether he did at this time. Regardless, whether he exhausted administrative remedies is not dispositive in this case and will play no further role in this analysis.

postal employees commit torts under local law, but not for claims defined by [§ 2680].").[13]

"[M]ail is 'lost' if it is destroyed or misplaced and 'miscarried' if it goes to the wrong address. Dolan, 546 U.S. at 487. "'Negligent transmission' does not go beyond negligence causing mail to be lost or to arrive late, in damaged condition, or at the wrong address." Id. at 486. Edwards does not allege that the Postal Service "lost" his mail, nor does he assert a miscarriage, i.e., that the Postal Service delivered his mail to the wrong address. As Edwards states in his response brief, "[i]n this case there was no delivery" and the relief sought involves "resumption of door delivery of oversized packages" to Plaintiff's home. Doc. Nos. [8-1], 2; [17], 1. More specifically, Edwards alleges only that the mode of delivery for oversized packages addressed to him has been changed without his consent. Edwards's characterization of the Postmaster's actions places his claim outside the postal matters exception because any intentional act of the Postal Service, necessarily, cannot have been performed negligently, as the

---

[13] "[T]he proper objective of a court attempting to construe one of the subsections of 28 U.S.C. § 2680 is to identify 'those circumstances which are within the words and reason of the exception'—no less and no more." Kosak v. United States, 465 U.S. 848, 854 n.9 (1984) (citing Dalehite v. United States, 346 U.S. 15, 31 (1953)).

statute requires. See LeRoy v. U.S. Marshal's Serv., No. CIV.A. 06-11379, 2007 WL 4234127 (E.D. La. Nov. 28, 2007) (noting that "[the defendant's] refusal to deliver the plaintiff's mail to him was an intentional act on her part," not a "loss, miscarriage, or negligent transmission of postal matter").[14]

Because Edwards alleges that the change in the mode of delivery was an intentional act of the Postal Service, and he does not allege that his mail was lost or delivered to the wrong address, the postal matters exception to the waiver of sovereign immunity does not bar Edwards's claim. There is, however, a question of whether Edwards's claim actually "sounds in tort," as opposed to a mandamus or declaratory judgment claim.[15]

---

[14]  The Court recognizes that it could be argued that there is some tension with this holding and the language in Dolan. See Dolan, 546 U.S. at 489 ("We think it more likely that Congress intended to retain immunity, as a general rule, only for injuries arising, directly or consequentially, *because mail either fails to arrive at all* or arrives late, in damaged condition, or at the wrong address.") (emphasis added). To this extent this language in Dolan controls, then the postal matters exception is applicable and there is no subject matter jurisdiction under the FTCA.

[15]  The Court also recognizes that the Eleventh Circuit has held that "[t]he defense of sovereign immunity is waived in actions against federal government agencies seeking nonmonetary relief if the agency conduct is itself subject to judicial review." Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1555 (11th Cir. 1985). In rendering this holding, the Eleventh Circuit relied upon the APA, which as indicated above does not provide a basis for jurisdiction in this case. In addition, 28 U.S.C. § 1346(a)(2), pertaining to civil actions founded upon a regulation of an executive department, does not apply as said code section "is limited to claims for money damages." O'Connor v. Yezukevicz,

16

In order for the FTCA to apply, Edwards's claim must be (1) "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government," (2) "while [the employee is] acting within the scope of his office or employment," and (3) "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. 1346(b)(1). The Court must therefore inquire into whether the allegations in the amended complaint give rise to any tort recognized by Georgia law. See Meyer, 510 U.S. at 478 ("[W]e have consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State—the source of substantive liability under the FTCA.").

Edwards's complaint can therefore only confer subject-matter jurisdiction on this Court if his allegations can be construed as an "injury," 28 U.S.C. § 1346(b)(1), under Georgia law that does not arise out of the loss, miscarriage, or

---

589 F.2d 16, 20 (1st Cir. 1978); Licata v. U.S. Postal Serv., 33 F.3d 259, 263 (3d Cir. 1994) ("[I]t is well settled that a claim brought against the Postal Service in its own name is not a claim against the United States and thus is not governed by the Tucker Act [28 U.S.C. § 1346(a)(2)]."); Richardson v. Morris, 409 U.S. 464, 465 (1973) ("But the Act [28 U.S.C. § 1346(a)(2)] has long been construed as authorizing only actions for money judgments and not suits for equitable relief against the United States.").

negligent transmission of letters or postal matter, 28 U.S.C. § 2680(b). The Court can conceive of no such tort here, and amendment would therefore be futile.

To be clear, Edwards does not allege that the Postal Service is improperly holding or refusing to release his oversized packages. He merely alleges that the previous deliveries were stopped without his notice or consent. Doc. No. [8-1], ¶ 2. The Court's independent research has found no caselaw or statutory authority supporting the proposition that a change in a mode of delivery by the Postal Service absent notice or consent of the addressee is a cognizable "injury" under Georgia law.

Further, to the extent that Plaintiff is actually attempting to proceed in equity, through a mandamus or declaratory judgment action, there is still no subject matter jurisdiction—as to proceed in mandamus requires a plaintiff to have no adequate remedy at law. See 28 U.S.C. § 1361; Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003) (setting forth the elements for mandamus relief); City of New York v. United States Postal Serv., 519 F. Supp. 3d 111, 127 (E.D.N.Y. 2021) (describing the elements for a mandamus action in the context of a suit against the Postal Service); see also Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005) (describing declaratory judgment actions). Here, Edwards

has an adequate remedy at law through the complaint procedure of the Postal Regulatory Commission pursuant to 39 U.S.C. § 3662. This ruling also lends support to a ruling declining to exercise the Court's discretion to entertain a declaratory judgment action. See AFC Franchising, LLC v. Purugganan, 43 F.4th 1285, 1300 n.4 (11th Cir. 2022) (noting that the Supreme Court has made clear that a district court possesses discretion in determining whether to entertain a declaratory judgment action) (citing Wilton v. Seven Falls Co., 515 U.S. 277, 282, (1995)).

### 2. Section 409(a) and the Postal Operations Manual

Next, the Court turns to 39 U.S.C. § 409(a), which states in relevant part: "the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service." It has been held that § 409(a) does not provide "an independent basis for jurisdiction . . . there must be added a substantive legal framework to afford subject matter jurisdiction." Peoples Gas, Light & Coke Co. v. U.S. Postal Serv., 658 F.2d 1182, 1189 (7th Cir. 1981).[16]

---

[16] The Court recognizes that there is a split of authority on this issue. See Grasso v. U.S. Postal Serv., 438 F. Supp. 1231, 1234 (D. Conn. 1977). However, the more well-reasoned

Here, it appears that the additional substantive legal framework that Plaintiff is attempting to rely upon is the Postal Operations Manual (also referred to as the Postal Service Manual). In his Amended Complaint, Edwards asserts that the Postmaster "failed to comply with Postal Service Manual (POM) Issue 9 . . . ." Doc. No. [8-1], ¶ 2. The Eleventh Circuit has held that "internal regulations [of the USPS] do not have the force of law." Doe v. United States, 718 F.2d 1039, 1041 (11th Cir. 1983); cf. 39 C.F.R. § 211.2. Therefore, the POM cannot provide a legal framework for subject matter jurisdiction in this case. See Tedesco v. U.S. Postal Serv., 553 F. Supp. 1387, 1391 (W.D. Pa. 1983) ("For a court to take a regulation promulgated by the Postal Service as an internal operating procedure and use it to create a private right of action would be, we think, directly contrary to the intent of Congress as expressed in the Postal Reorganization Act. We believe that the clear intent of the Postal Reorganization Act was to permit the Postal Service to operate like a business and to respond with flexibility and imagination to the task of moving the mail. If this goal is to be effectuated, the courts must permit the Postal Service to act like a business,

line of authority, discussed above, has been adopted by this Court.

20

without subjecting routine decisions to the cost and delay of judicial interference. If it should appear at some point in the future that additional postal complaint procedures are desirable, Congress may, of course, elect to provide them. In light of the clear limitations on the role of the judiciary expressed in the Postal Reorganization Act, however, we do not think it appropriate to assume the mantle of Congress and create jurisdiction where none was intended. Accordingly, we hold that the Postal Reorganization Act does not create a private right of action for alleged service inadequacies. The complaint will be dismissed for lack of subject matter jurisdiction without prejudice to the plaintiffs' right to bring their grievance to the attention of the Postal Rate Commission as provided by 39 U.S.C. § 3662."); Currier v. Potter, 379 F.3d 716, 724 (9th Cir. 2004) ("We are not persuaded that Congress, by enacting the PRA, intended to subject the Postal Service to suit for violations of regulations."); Hollander v. U.S. Postal Serv., No. CIV.A. 88-2497MC, 1988 WL 138754, at *1 (D. Mass. Dec. 20, 1988) (finding that a plaintiff was not entitled to an order from the court directing the Postal Service to grant him "door delivery" of his mail).[17]

---

[17] Because Edwards's Amended Complaint does not adequately allege any source of subject-matter jurisdiction, Edwards's amended complaint must be dismissed without

21

In summary, the Court determines that *sua sponte* leave to file a second amended complaint is not proper at this time, as such would be futile.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. No. [16]) is **GRANTED**. This case stands **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.[18] The dismissal is also without prejudice to Plaintiff presenting his service grievance claim to the attention of the Postal Regulatory Commission pursuant to 39 U.S.C. § 3662. Plaintiff's Motion to Strike (Doc. No. [20]) his unpermitted surreply at Doc. No. [19] is **GRANTED**. The Court has given no consideration to the filing at Doc. No. [19]. Lastly, leave to amend is *sua sponte* **DENIED**. The Clerk is **DIRECTED** to enter judgment and close this case.

---

prejudice, and this Court need not address whether his complaint states a claim upon which relief may be granted. See Boda v. United States, 698 F.2d 1174, 1177 n.4 (11th Cir. 1983) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds."); see also DiMaio v. Democratic Nat'l. Comm., 520 F.3d 1299, 1303 (11th Cir. 2008) (affirming the district court's dismissal for lack of subject-matter jurisdiction but vacating the portion of the order addressing the merits of the claim).

[18] "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008).

22

**IT IS SO ORDERED** this ____21st____ day of November, 2023.

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**